■ In the Matter of MICHAEL L. GAGLIA, Petitioner, v ROGER STARR, as the Administrator of the Housing and Development Administration of the City of New York, Respondent.—Determination of respondent Housing and Development Administrator (Roger Starr), dated October 7, 1974, dismissing petitioner as a construction inspector of the Department of Buildings as of July 20, 1972 (the date of a prior dismissal), unanimously annulled, on the law, without costs and without disbursements, and the matter remanded for a new hearing. About three hours after petitioner was arrested on a charge of bribe receiving and searched by police officers assigned to the Department of Investigation, his automobile was searched for the second time. The first search occurred shortly after petitioner's arrest, while the vehicle was at the construction site in Brooklyn and revealed nothing of relevance to the criminal charge. The second search was conducted while the vehicle was still at the construction site where it had remained following petitioner's arrest. That search produced a $100 bill allegedly found under the carpeting of the automobile, at a time when petitioner was in custody in the Manhattan office of the Department of Investigation for questioning on the criminal charge. The second search was effected without a warrant. The Court of Appeals has declared: " *'Once an accused is under arrest and in custody, then a search made at another place, without a warrant, is simply not incident to an arrest'* " *(People v Lewis,* 26 NY2d 547, 551). The second search of the automobile was, therefore, illegal. The charges of misconduct allege that petitioner solicited bribes on January 21, 1971 and January 25, 1971 and that he received bribes on January 25, 1971 and January 26, 1971 (the latter date being that of petitioner's arrest). The sole charge supported by tangible evidence was that of bribe receiving on January 26, 1971,

concerning which the $100 bill heretofore referred to was received in evidence. It is the rule that evidence procured by searches violative of the Constitution must be excluded from consideration at administrative hearings and that administrative determinations based on such evidence must fall (Matter of Finn's Liq. Shop v State Liq. Auth., 24 NY2d 647, 659). Although the remaining charges appear to be sustained by substantial evidence, we note that the issues at the hearing were determined by comparing the credibility of petitioner to that of a witness who was in charge of the construction petitioner was required to inspect and whose testimony contradicted petitioner. We cannot determine the effect the introduction of unconstitutionally received evidence had upon the determination of credibility. We also note that the hearing officer denied petitioner's application to subpoena a tape recording made secretly by representatives of the Department of Investigation at or about the time of petitioner's arrest. It was maintained at the departmental hearing that the tape was unavailable and the hearing officer refused to issue a subpoena, stating that he was barred by section 1113 of the New York City Charter. An administrative hearing officer possesses a valid subpoena power under section 6 (subds 3, 4) and section 21 of the Civil Service Law (cf. Matter of Reynolds v Triborough Bridge & Tunnel Auth., 276 App Div 388). Section 1113 of the City Charter does not prohibit the subpoena of confidential records where there is a valid interest in them by a person other than a taxpayer (see People v Sumpter, 75 Misc 2d 55). Accordingly, on the record before us and in the interest of justice, the matter is remanded for a new hearing on all charges, at which the improper evidence on the charge of January 26, 1971 should be excluded. Petitioner is entitled to subpoena the tape recording. The new hearing should be conducted by another hearing officer. It is suggested that such hearing officer should be one trained in the law. Concur —Kupferman, J. P., Birns, Capozzoli and Lane, JJ.