■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM CARRASQUILLO, Appellant.—Appeal from judgment, Supreme Court, New York County, rendered February 9, 1977, convicting defendant of robbery in the second degree and sentencing him to an indeterminate sentence of four to eight years, held in abeyance pending hearing in trial court and determination on defendant's motion to suppress physical evidence and the matter remanded for such purposes. It was error to deny that part of defendant's pretrial omnibus motion that sought suppression of certain physical evidence, alleged to have been the proceeds of the robbery for which defendant was convicted. Although the accompanying affidavit did not explicitly state that the police lacked probable cause, the facts set forth adequately complied with the requirements of CPL 710.60 (subd 1) and raised an issue entitling defendant to a hearing. (See CPL 710.60, subd 4.) The issue may not now be resolved by this court on the basis of the trial testimony. At a hearing addressed specifically to the issue raised by the motion to suppress, either or both parties may introduce additional evidence bearing on the question. *(People v Williams,* 46 AD2d 727; *People v Werner,* 55 AD2d 317.) Accordingly, the appeal is held in abeyance pending a hearing in the trial court and determination in accordance with CPL 710.60 (subd 4). Concur—Sandler, Bloom and Ross, JJ.

Kupferman, J. P., and Lupiano, J., dissent in a memorandum by Kupferman, J. P., as follows: I dissent and would affirm. There is no purpose served in having a hearing in connection with the motion to suppress physical evidence. The defendant had bound and gagged his victim, and in the process of ransacking the apartment had spent a considerable amount of time there, so that the victim's in-court identification had a proper independent basis. (See *People v Ramos,* 42 NY2d 834.) Therefore, an error, if any, with respect to the suppression of the physical evidence of the theft, should

be disregarded as harmless in view of the overwhelming proof pointing to defendant's guilt. (See *People v Almestica*, 42 NY2d 222.)