■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM

CARRASQUILLO, Appellant.—Judgment, Supreme Court, New York County, rendered on February 9, 1977, affirmed. Concur—Kupferman, J. P., Ross, Lupiano and Bloom, JJ.

Sandler, J., dissents in a memorandum as follows: In a decision and order dated June 26, 1979, this court held the defendant's trial in abeyance pending a hearing in the trial court on defendant's motion to suppress physical evidence that had been identified as the proceeds of the robbery for which he had been convicted. (People v Carrasquillo, 70 AD2d 842.) After a hearing, the trial court denied the motion to suppress, finding no violation of the defendant's rights. I disagree and would grant the motion to suppress, reverse the judgment of conviction and remand for a new trial. At about 8 o'clock in the morning on April 10, 1976, two police officers in a marked police car observed the defendant walking on the west side of Amsterdam Avenue, some 40 feet south of the corner of West 81st Street. The defendant, whose clothing was dirty and hair disheveled, was carrying a shopping bag. After an exchange of glances between the defendant and one of the officers, the defendant made a "fast" left turn on to West 81st Street, continuing to look back at the officer. The car was then driven into 81st Street and parked near the defendant, who stopped walking. The officers approached him, and asked him "What do you have in the bag?" The defendant replied that he had a hair dryer, rosary beads and a radio. He identified the radio as a Sylvania and then voluntarily exhibited the items to the police officers. Noticing that the radio was a Zenith, one officer asked the defendant if the items belonged to him. The defendant said that they did. When asked why he had misidentified the make of the radio, the defendant stated that he had found the items in garbage a few blocks away. The defendant was directed to accompany the officers to the station house for "further investigation". At the station house, the items were identified as those taken in a robbery and the defendant was then formally arrested and charged. The victim thereafter identified him as a participant in the robbery. The case is unquestionably similar to People v Moore (47 NY2d 911, revg 62 AD2d 155). However, the cumulative effect of the differences, although not dramatic, seem to me sufficient to indicate a different result. In Moore, the defendant was seen at night limping down a street covered with snow, carrying a pillowcase revealing the apparent outline of a television set, in which were eventually discovered a television set, fur coat and pieces of jewelry. On his person there was discovered a screwdriver. In sustaining the conviction, the Court of Appeals clearly found that the totality of the circumstances provided a probable cause for his arrest. Given the several differences between the two cases, including the difference in the character of the items found and the fact that this defendant was walking along the street on a morning carrying a shopping bag, I am not persuaded that the result in Moore follows. The facts here establish that the officer had substantial basis for suspicion, justifying further investigation. They did not, in my opinion, measure up to the probable cause required for an arrest. Nor do I believe that the erroneous admission of these items of property in evidence, constitutional error, can be considered harmless beyond a reasonable doubt (see People v Crimmins, 36 NY2d 230, 237), even though the victim had an extended opportunity to observe the two assailants. More than an identification by a victim who did not know the defendant prior to the robbery must be shown before constitutional error may be found harmless beyond a reasonable doubt. Accordingly, I would reverse the trial court to the extent of granting the motion to suppress, vacate the conviction, and remand for a new trial.