■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANEY FORE, Appellant.—Appeal from the judgment of the Supreme Court, New York County (Harold Rothwax, J., at suppression motion; Dennis Edwards, Jr., J., at jury trial and sentencing), rendered August 6, 1985, convicting defendant of criminal possession of a weapon in the third degree and sentencing him as a second violent felony offender to a term of 3½ to 7 years, is held in abeyance, the order denying defendant's motion to suppress physical evidence without a hearing reversed, on the law, and the matter remanded for a hearing on the issue of the legality of both the police stop and the search of the vehicle in which defendant was a passenger.

Defendant moved, as part of an omnibus motion, to suppress a weapon seized in the rear seat of a vehicle in which he and another were passengers. In support of the motion, defendant's counsel alleged, *inter alia,* that defendant, while riding in the car, "was accosted by police officers who subjected him to an illegal detention"; that the police stopped the car and ordered defendant and others out and proceeded to search the car. Defendant further asserted that "[t]here was no probable cause to search the car or detain the defendant. The defendant challenges and denies any allegation of the People to the contrary."

In opposition to this motion, the People contended solely that defendant, as a passenger in a private automobile, lacked standing to challenge the stop and search of another's vehicle.

Criminal Term denied defendant's suppression motion without a hearing, and a request for reconsideration was likewise summarily denied by the trial court. This denial of defendant's motion, without holding a hearing as required by CPL 710.60 (4), was error.

The Court of Appeals has recently held that the People may not predicate a defendant's guilt solely on the constructive possession of a weapon attributed to him as a passenger in an automobile, based upon the presumption set forth in Penal Law § 265.15 (3), and simultaneously deprive him of the right to challenge the search *(People v Millan,* 69 NY2d 514). Consequently, defendant has standing to challenge the search of the automobile. Further, as a passenger, defendant also had an independent right to contest the stop of the vehicle and challenge any evidence which may have been the fruit of an unlawful stop *(People v Madera,* 125 AD2d 238; *People v Millan, supra,* at 520).

The People, on appeal, concede that defendant, as a passenger, would have standing to challenge the stop. However, they contend that defendant's motion papers were inadequate to warrant a hearing, asserting that he only challenged the search of the car and the order for him to leave it. However, we find that defendant had standing to challenge the search since the factual allegations in his motion are, in effect, conceded by the People to be sufficient to require a hearing pursuant to CPL 710.60 (4) as to the search. Further, the sole basis for the People's objection to defendant's motion to suppress at Criminal Term was defendant's alleged lack of standing to challenge the seizure of the gun and, therefore, any objection by the People to the sufficiency of the moving papers

with regard to the stop has been waived *(People v Millan, supra,* at 521).

Accordingly, we remand for a suppression hearing, at which defendant may contest the legality of the police conduct in both making the initial stop and searching the automobile. Concur—Carro, J. P., Asch, Rosenberger, Ellerin and Wallach, JJ.