■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY MARTIN, Appellant.—Appeal from the judgment of the Supreme Court, New York County (Harold Rothwax, J., at suppression motion; Edward J. Greenfield, J., at jury trial and sentencing), rendered on September 4, 1985, convicting defendant of criminal possession of a weapon in the third degree and sentencing him to a term of 1½ to 4½ years, is held in abeyance, the order denying defendant's motion to suppress physical evidence without a hearing reversed, on the law, and the matter remanded for a hearing on defendant's motion to suppress.

Defendant moved, as part of an omnibus motion, to suppress a weapon seized on the floor of a livery cab in which he was a passenger. In his supporting affidavit, the defendant stated that the stop was "for no articulable reason" and that the recovery of the gun was "the fruit of an unlawful police stop" made without "probable cause".

The People opposed this motion on the sole ground that defendant had no standing to challenge the conduct complained of since he did not assert a property or possessory interest in the automobile or an interest in the weapon, or an expectation of privacy that was violated.

Criminal Term denied the motion on the ground that "sufficient standing has not been made out". This denial of defendant's motion, without holding a hearing required by CPL 710.60 (4), was error.

The People may not predicate a defendant's guilt solely on

the constructive possession of a weapon attributed to him as a passenger in an automobile, based upon the presumption set forth in Penal Law § 265.15 (3), and simultaneously deprive him of the right to challenge the search *(People v Millan,* 69 NY2d 514). Here, as the People concede, the facts alleged in defendant's affidavit and the People's opposing affirmation demonstrated, as a matter of law, that defendant's possession of the gun would have to be proven either through the presumption of section 265.15 (3) or another theory of constructive possession (as it was at trial). Therefore, defendant had standing to seek suppression of the gun.

Further, the defendant, as noted, alleged facts that, if true, would establish improper police conduct and would be sufficient to warrant a hearing *(see,* CPL 710.20, 710.60).

In any event, the People waived any insufficiency in the factual allegations when they challenged only defendant's standing and failed to oppose suppression on that ground in Criminal Term *(People v Millan, supra,* at 521; *People v Fore,* 131 AD2d 329). We remand, therefore, for a suppression hearing, at which defendant may contest the legality of both the stop and search of the cab in which he was a passenger. Concur—Sandler, J. P., Ross, Asch, Kassal and Ellerin, JJ.