(February 23, 1989)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX ESTRADA, Appellant.—The appeal from a judgment of the Supreme Court, New York County (Harold Rothwax, J., at suppression motion; Thomas Galligan, J., at trial and sentencing), rendered November 26, 1984, convicting defendant Felix Estrada of two counts of possession of a weapon in the third degree (Penal Law § 265.02 [2]), and sentencing him to concurrent terms of from 2½ to 5 years, is held in abeyance, the order summarily denying defendant's motion to suppress his confession as the fruit of an illegal arrest is reversed, on the law, and the matter remanded for a hearing on defendant's motion to suppress.

Defendant made a pretrial motion to suppress his confession, claiming that it was the product of an illegal arrest. In his motion papers, defendant alleged that prior to his arrest he had not been observed with any contraband or acting in a suspicious manner. He claimed, therefore, that there had not been probable cause for his arrest. As the People now concede, and as is in any case evident, defendant's allegations were sufficient to require that a *Dunaway* hearing be held *(see, People v Lee,* 130 AD2d 400; *People v Carrasquillo,* 70 AD2d 842; CPL 710.60 [4]).* Justice Rothwax, however, summarily denied the defendant's *Dunaway* motion without a hearing. Although the summary denial may have appeared efficient at the time, its ultimate consequence will be unnecessarily to delay the adjudication of defendant's case. If this were an isolated case it would not merit comment but we have on at least six previous occasions had to hold appeals in abeyance and remand for hearings upon suppression motions inappropriately denied by the same Judge. *(See, People v Jones,* 136 AD2d 510; *People v Brown,* 136 AD2d 510; *People v Martin,* 135 AD2d 355; *People v Fore,* 131 AD2d 329; *People v Lee,*

*supra; People v Patterson,* 129 AD2d 527.) Concur—Murphy, P. J., Asch, Kassal and Wallach, JJ.

Kupferman, J., dissents in a memorandum as follows: The majority would mandate yet another undue burden on the criminal justice system. *(Cf., People v Rivera,* 144 AD2d 258, 261 [dissent]; *People v Mosley,* 136 AD2d 500, 501 [dissent].)

While the People consent to a *Dunaway* hearing *(Dunaway v New York,* 442 US 200), this court is not relieved from performing its judicial function. *(See, People v Berrios,* 28 NY2d 361, 366-367; *People v Lewis,* 26 NY2d 547.)

*Dunaway (supra)* determined that custodial questioning on less than probable cause for arrest was violative of the Fourth Amendment, so the question becomes one of whether there was proper police conduct. In the case at bar, New York City Housing Authority detectives went to the Baruch Housing Project, on the lower east side, to arrest the defendant and to execute a "no-knock" search warrant seeking a machine gun and a rifle. He was convicted after a jury trial of two counts of criminal possession of a weapon in the third degree and sentenced as a violent predicate felony offender.

Although a *Huntley* hearing was held, a knowledgeable Judge denied the motion for a *Dunaway* hearing.

This court, by its ruling herein, would mandate a *Dunaway* hearing in all situations where a defendant simply claims that there has been no probable cause for his arrest. In this case, the defendant was observed several times going into the apartment which was the subject of the warrant, and he has admitted that he had carried the machine gun into the apartment in question.