■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE HARRIS, Also Known as ARMSTEAD RICE, Appellant.— Appeal from a judgment, Supreme Court, New York County (Eugene Nardelli, J., at plea and sentence; Harold Rothwax, J., on suppression motion), rendered August 20, 1987, which convicted defendant, upon his pleas of guilty, of attempted murder in the second degree (under indictment No. 5254/87) and criminal possession of a weapon in the third degree (under indictment No. 1871/79) and which sentenced him to concurrent 4½-to-9-year and 3½-to-7-year prison terms, respectively, held in abeyance with respect to indictment No. 5254/87, and that portion of the case remanded to the Supreme Court for a *Mapp* hearing under indictment No. 5254/87, and the judgment with respect to indictment No. 1871/79 is unanimously affirmed.

In response to defendant's omnibus motion under indictment No. 5254/87 to suppress certain statements, identification testimony, and physical evidence, the motion court (Harold Rothwax, J.) granted defendant's motion to the extent of directing a *Wade/Huntley* hearing on that part of the motion seeking to suppress the statements and identification testimony, but summarily denied, without explanation and without a hearing, that part of defendant's motion seeking to suppress physical evidence.

The court erred in summarily denying defendant's motion to suppress physical evidence. The moving papers alleged sufficient facts to place in issue the lawfulness of the search thereby requiring a hearing pursuant to CPL 710.60 (4). We have frequently criticized the practice of summarily denying suppression motions without a hearing where defendant sets forth a minimally sufficient showing to warrant a hearing on the suppression issue. *(See, e.g., People v Marte,* 149 AD2d 335;

*People v Estrada,* 147 AD2d 407; *People v Lee,* 130 AD2d 400.) Defendant here similarly set forth sufficient factual allegations in support of his ground for the suppression of the physical evidence to warrant a hearing on that issue. Accordingly, we hold the appeal of the conviction under indictment No. 5254/87 in abeyance and remand the matter to the Supreme Court for such hearing.

With respect to the suppression issue in the weapon possession conviction under indictment No. 1871/79, defendant contends that the search and seizure of the gun from his car warrants reversal under *People v Torres* (74 NY2d 224).

Defendant was stopped by police officers who received a radio report of a man with a gun who had fired shots at the complainant. The report contained a detailed description of the man and stated that he was sitting in a parked blue station wagon at the corner of West 118th Street and 8th Avenue. Police officers immediately responded to that location where they observed defendant, who met the detailed description contained in the radio report, sitting in a parked blue station wagon on West 118th Street just off 8th Avenue. Testifying that they were in fear of their safety because of the report that the man had recently fired a gun, the officers approached the car with guns drawn and ordered defendant to exit slowly from the car. After defendant complied, one of the officers placed defendant's hands on the roof of the car and frisked him, finding no weapon. Another officer approached the passenger side of the car, opened the door and looked inside to determine whether anyone was hiding on the car floor and to look for the gun mentioned in the radio report. The officer observed a .38 caliber revolver on the floor near the passenger seat. He removed the gun from the floor, examined it and found it loaded with five live rounds of ammunition.

Defendant does not contest the propriety of his detention or the frisk of his person. Defendant does claim, however, based on the authority of *People v Torres* (74 NY2d 224, *supra),* that the officer's actions in opening the car door and recovering the gun were an illegal search.

In *Torres (supra),* police officers, acting on a tip that a homicide suspect could be found having his hair cut at a specified barbershop, arrived at the barbershop to find defendant, who met the description, leaving the shop and entering a parked car with another man. The officers approached the car with guns drawn, ordered the men out of the car, and

frisked them. Another officer reached into the car, retrieved a large nylon shoulder bag from the front seat, unzipped the bag and found a gun inside. The Court of Appeals found that once the officers had frisked the two men and satisfied themselves that there was no immediate threat to their safety, there was no justification for conducting a further, more intrusive search extending to the removal of personal effects on the front seat of the car, since there was no probable cause to search closed containers within the car's passenger compartment for a weapon.

The instant case is clearly distinguishable from *Torres (supra)* and the actions of the officers here did not rise to the level of an unreasonable intrusion. Notably, here, the police officers were responding to reports of a man with a gun that had recently been fired. They had both a valid and compelling reason to fear for their immediate safety while approaching the defendant, plus reasonable suspicion to believe that a gun was present. In contrast, in *Torres* the police officers were merely investigating a suspect in an earlier-committed crime, and had no information that a weapon was present.

Moreover, here the actions of the police were minimally intrusive in merely opening the passenger car door and looking into the automobile in the real and understandable apprehension that a gun was still in the car coupled with the possibility that another occupant was secreting himself therein. In *Torres (supra)*, the officers, under less justifiable fear for their safety, entered into the car, removed a closed bag, and then opened and searched the bag.

Contrary to defendant's contention, *Torres (supra)* does not stand for the inflexible proposition that a police officer may never look into a car once a suspect is removed from the vehicle. Rather, the Court of Appeals noted that a police officer's entry into an automobile and inspection of personal effects located therein are significant encroachments upon a citizen's privacy and therefore *"such intrusions must be both justified in their inception and reasonably related in scope and intensity to the circumstances which rendered their initiation permissible (People v De Bour, 40 NY2d 210, 215)" (People v Torres, 74 NY2d, supra, at 230)*. Here, the minimal intrusion of opening the car door and looking inside was a justified and reasonably related police response to a detailed report of a man who had recently fired a gun, and the denial of the suppression motion was proper under the circumstances. Accordingly, that portion of the judgment appealed from which convicted defendant of criminal possession of a weapon in the

third degree, under indictment No. 1871/79, is affirmed. Concur—Kupferman, J. P., Ross, Milonas, Rosenberger and Ellerin, JJ.