■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVAL SASS, Appellant. [629 NYS2d 410] —Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered November 30, 1993, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him to a term of 1 to 3 years, unanimously affirmed.

Giving due deference to the hearing court's findings of credibility and fact (*People v Fonte*, 159 AD2d 346, *lv denied* 76 NY2d 734), the record supports the court's determination that the police acted reasonably, beginning with the stop of the livery cab in which defendant was riding through the recovery of the contraband that defendant sought to suppress. The initial stop of the vehicle was proper because the police, patrolling at night in a high crime area, observed the driver of the livery cab pass a red traffic light (*see, People v Ellis*, 62 NY2d 393, 396). The arresting officer acted reasonably in opening the front passenger door of the vehicle for safety purposes upon observing heightened activity in the front passenger side of the car through the darkly tinted windows, following defendant's refusal to heed the repeated direction of the officer to lower

the front passenger side window (*see, People v Harris*, 160 AD2d 515, *lv denied* 76 NY2d 789). Further, the officer's direction to defendant to keep his hands within the officer's view and to exit the car while the driver's paper work was being investigated was proper to maintain security after defendant was observed attempting to hide a bag under the front passenger seat of the car and another individual was observed in the rear seat of the car (*People v McLaurin*, 70 NY2d 779, 781-782). Thereafter, following defendant's arrest for an assault on the police officers, the police lawfully seized the bag from the vehicle on the ground that defendant's furtive actions and assaultive behavior against the police provided a reasonable belief that the bag defendant attempted to hide contained a gun or some other form of contraband (*People v Blasich*, 73 NY2d 673, 680). Indeed, as noted by the hearing court, to leave a bag reasonably suspected of containing contraband in a livery cab would pose a danger to public safety, and thus its seizure falls outside the warrant requirement (*see, People v Gokey*, 60 NY2d 309, 312). Concur—Sullivan, J. P., Ellerin, Wallach, Williams and Mazzarelli, JJ.