■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDIE LEE, Appellant.—Appeal from the judgment of the

Supreme Court, New York County (Harold Rothwax, J., on the motion; Thomas Galligan, J., at trial), rendered on June 20, 1985, convicting defendant, following a jury trial, of criminal possession of a weapon in the third degree, is held in abeyance pending determination of defendant's motion to suppress evidence seized from his person and the matter remanded for a *Mapp* hearing.

Defendant and another man, Sean Rucker, were arrested on January 6, 1985 after defendant's companion was identified to police by Eric Montgomery as a man who had on previous occasions threatened him with a gun and against whom a complaint was outstanding. In their testimony, the arresting officers displayed some uncertainty as to the exact nature of Montgomery's information. However, it is evident that following their conversation with Montgomery, the police drove around the block with Montgomery present in their car. Montgomery pointed out Rucker and defendant as his companion. The officers thereupon approached the suspects, frisked or searched both of them, recovering a loaded gun from defendant's left jacket pocket. The two men were then placed under arrest. Defendant moved to suppress the weapon prior to trial and again during the People's case at trial. The motions were denied without a hearing.

It should be noted that Rucker pleaded guilty to possession and received a one-year sentence. He subsequently testified on behalf of defendant at the latter's trial, claiming that the gun in question was his and that he had been carrying it without defendant's knowledge. According to Rucker, upon encountering Montgomery and fearful of being found with the weapon, he forced defendant to hold the gun upon threat of being shot if defendant refused. Shortly thereafter, the police arrived and made the arrests and searches. However, both of the arresting officers stated at trial that they had not observed Rucker hand the gun to defendant.

It is defendant's contention that even assuming the police had cause to frisk or search Rucker, they were not authorized to take such action with respect to him. In that connection, he cites *People v Martin* (32 NY2d 123) for the proposition that being in the presence of someone whom the police have cause to arrest and/or search does not constitute probable cause to do the same to the companion. Defendant asserts that since the police herein knew nothing about him other than the fact that he was walking on a street with Sean Rucker, they had no grounds for either frisking or searching him, and, thus, any evidence seized pursuant thereto must be suppressed. The

People, on the other hand, argue that defendant's motion was properly denied based upon the purported inadequacy of the papers submitted in support thereof which did not, among other things, assert a proprietary interest in the property taken or describe that property or explain what defendant was doing at the time of his arrest.

While it is true that defendant's motion papers could have been more artfully drafted, the fact remains that in this case wherein he was charged with possession of a loaded firearm, the factual allegations contained therein were certainly sufficient to warrant a hearing. Counsel's affirmation stated that defendant was seized without probable cause, that he had not been engaged in any unlawful conduct and that the police were going to make an illegal arrest of his codefendant for a crime which they had not personally witnessed. Moreover, since it was clear that defendant's person had been subjected to a search and seizure, no proprietary interest need be asserted *(People v Taylor,* 97 AD2d 381; *People v Sutton,* 91 AD2d 522). Further, the prosecution was certainly aware, considering the entire record of this matter, that the evidence which defendant was seeking to suppress was the gun. It is also significant that this court has previously held in a similar situation where a defendant has moved for a *Mapp* hearing to suppress evidence seized from him as the result of an allegedly illegal search and seizure and for a *Huntley* hearing to suppress statements claimed to have been made because of the unlawful search and seizure that "[s]ince the two requests sprang from the same ground, a factual showing sufficient to warrant one hearing should have ensured the other." *(People v Dugar,* 88 AD2d 549.) Therefore, defendant's request for a *Mapp* hearing should have been granted. Concur—Kupferman, J. P., Sullivan, Ross, Milonas and Wallach, JJ.