OPINION OF THE COURT
Dillon, J.
The principal and narrow issue to be resolved on this appeal is whether an open field, bearing no manifestation of the owner’s subjective expectation of privacy other than is naturally provided by the land’s woods and contour, falls within the protection of the Search and Seizure Clause of this State’s Constitution (NY Const, art I, § 12). We hold that it does not, and that governmental intrusion upon or above such land without a warrant is not constitutionally prohibited.
Defendant owns a 103-acre farm in the Town of Gallatin. The State Police, acting on an anonymous tip, but without a warrant, surveyed defendant’s property from a helicopter flying in navigable airspace, and then entered the land on foot, looking for evidence of what had been described to them as a "commercial marihuana operation”. Both the overflight and the foot surveillance revealed the presence on the property of a greenhouse-type structure located approximately 150 feet from defendant’s house. The troopers observed that there were mature marihuana plants both within the structure and in the area surrounding it. The ground search revealed other marijuana plants in areas further removed from the structure. Photographs were taken of the structure, the marihuana plants, and the general area in which they were located. The photographs graphically depict the separation of that area by distance and terrain from defendant’s house. They also reveal that the "greenhouse” structure was little more than a frame. The roof and sides were only partially covered by transparent material, and its interior was fully viewable from either ground level on the property or from above. Based upon the *556 police observations and the photographs, a search warrant was issued. Execution of the warrant resulted in seizure of 1,282 marihuana plants, processed marihuana, United States currency, a triple beam scale, peat humis and lengths of hose.
Defendant’s motion to suppress the evidence was denied without a hearing. County Court, finding that neither the helicopter search nor the foot search was unlawful, concluded that the search warrant was properly issued. Defendant entered a plea of guilty of the crime of criminal possession of marihuana in the first degree. The Appellate Division affirmed the conviction, and we now affirm.
On appeal to this court, defendant contends that her rights under article I, § 12 of the New York State Constitution were violated when the troopers made the warrantless aerial and ground level observations of her property. Relief is sought under the State Constitution for the obvious reason that neither search is proscribed by the Fourth Amendment of the United States Constitution. In California v Ciraolo (476 US 207), the Supreme Court found it permissible for the police, by overflight, to make warrantless observations of marihuana growing in a backyard which was surrounded by fences. From the holdings in United States v Dunn (480 US 294, 107 S Ct 1123, 1139) and Oliver v United States (466 US 170), the rule evolves that neither the erection of fences nor the posting of "No Trespassing” signs on otherwise open land will establish a legitimate expectation of privacy in the sense required by the Fourth Amendment (cf., Riley v State, 511 So 2d 282 [Fla], cert granted sub nom. Florida v Riley, — US —, 98 L Ed 2d 977 [a case in which the greenhouse was located 10-20 feet from the house and within a fence surrounding both buildings which had been posted with "Do Not Enter” signs]).
We need not address the applicability of those cases because defendant makes no claim here that her property was bounded by fencing, marked by signs warning against trespassing, or that she in any other way overtly demonstrated an expectation that members of the public should not enter upon the land. The defendant fails to establish a constitutionally protected privacy interest under the Fourth Amendment. Indeed, even the dissenters in Oliver agreed that if an owner has not marked the boundaries of his fields or woods in a way that informs passersby that they are not welcome, no objection will lie if the police enter upon his land and make observations (Oliver v United States, 466 US 170, 193-194 [Marshall, J., dissenting], supra).
*557 In assessing whether the police conduct here violated defendant’s State constitutional rights, it is significant that the relevant language of article I, § 12 of the New York Constitution conforms with that of the Fourth Amendment of the United States Constitution. While both guarantee security against "unreasonable searches and seizures”, principles of federalism secure to a State the right to afford its citizens greater insulation from governmental intrusion than is provided under the Fourth Amendment (People v P. J. Video, 68 NY2d 296; People v Class, 67 NY2d 431; People v Johnson, 66 NY2d 398, 407). That power is cautiously exercised, however, because, as we have repeatedly said, the identity of language in the two clauses supports a policy of uniformity in both State and Federal courts (see, e.g., People v P. J. Video, supra, at 304; People v Johnson, supra, at 406; People v Gonzalez, 62 NY2d 386, 389-390; People v Ponder, 54 NY2d 160, 165).
The purpose of the State and Federal warrant clauses is to protect people from unreasonable government intrusion into their legitimate expectations of privacy (United States v Chadwick, 433 US 1, 7; People v Mercado, 68 NY2d 874). A protected privacy interest is established when a person has exhibited a subjective expectation of a privacy right which society recognizes as reasonable (Katz v United States, 389 US 347, 361 [Harlan, J., concurring]). We have made it clear that a warrantless search may only be challenged by one having a reasonable expectation of privacy in the place or object of the search (People v Rodriguez, 69 NY2d 159; People v Ponder, 54 NY2d 160, supra). Manifestly, persons have a reasonable expectation of privacy in their homes, and a protected privacy right is recognized in other confined areas as well (see, People v Mercado, 68 NY2d 874, 876, supra). Generally, however, conduct and activity which is readily open to public view is not protected. It is for that reason that we decline to declare as a matter of State constitutional law that an owner has a reasonable expectation of privacy in open fields and woods where no precautions have been taken to exclude the public from entry. Consequently, the warrantless observations of marihuana on defendant’s property provided probable cause for issuance of the search warrant.
In reaching this conclusion, we do not at all depart from our decision in People v Gleeson (36 NY2d 462), where we held that a police entry upon private property without a warrant constituted an illegal trespass requiring suppression of the *558 derivative evidence. Unlike the police activity we see here, the trespass in Gleeson extended into the primary building of the landowner (see, People v Doerbecker, 39 NY2d 448, 452). Nor do we here decide whether this State’s Search and Seizure Clause (NY Const, art I, § 12) would be similarly applied if defendant’s lands were fenced or otherwise marked in a way which demonstrated an expectation of privacy. It is also sufficient for purposes of this decision to state that where ground level police intrusion is not unreasonable under our State Constitution, police overflight in navigable airspace is similarly permissible.
We next address defendant’s claim that County Court erred in failing to hold a hearing on her motion to suppress the seized evidence. The argument is without merit. While the affidavit of defendant’s counsel submitted in support of the motion includes conclusory assertions that the marihuana was found within the "curtilage” of the house, not in an "open field” but "hidden in enclosed areas”, it contains no sworn allegations of fact supporting those conclusions (see, CPL 710.60 [1]). The affidavit does not dispute the averments in support of the warrant application that the "greenhouse” structure was located 150 feet from the residence on the property and that the marihuana was discovered merely by walking the land. No claim is made that the location and terrain of the area searched is other than is graphically shown in the photographs submitted with the warrant application, and no facts are asserted which would support a finding that the area is in any way related to the intimate activities of the home.
In addition, in order for the defendant to prevail, it is not enough for her to show or prove that some of this evidence was illegally observed within an area entitled to Fourth Amendment protection. She must show that all of the evidence necessary to establish probable cause was obtained from such locations. In this instance, quite apart from the evidence observed in the greenhouse, evidence was found in what were obviously open areas to establish probable cause for the issuance of the warrant. Thus, the suppression court appropriately concluded that the motion should be summarily denied (see, CPL 710.60 [3] [bj; People v Gomez, 67 NY2d 843; see also, People v Glen, 30 NY2d 252, cert denied sub nom. Baker v New York, 409 US 849).
Finally, we agree with the Appellate Division, for rea *559 sons stated in its memorandum (124 AD2d 356), that defendant was properly charged under Penal Law § 221.30. We have reviewed defendant’s other claims of error and find them to be without merit.
Accordingly, the order of the Appellate Division should be affirmed.