■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE COVINGTON, Appellant.—Judgment, Supreme Court, New York County (Luis M. Neco, J.), rendered July 29, 1986, convicting defendant of burglary in the third degree and sentencing him as a second violent felony offender to an indeterminate term of imprisonment of from 3½ to 7 years, unanimously modified, on the law, to reverse the sentence, remand for resentencing and, except as thus modified, affirmed.

Defendant assigns as error the court's denial of his request at the *Huntley* hearing to consider the question of whether the challenged statement was the product of an arrest unsupported by probable cause. Defendant had, as part of his omnibus motion, asserted that any such statement had been seized "without probable cause" and that his "conduct at the time of his arrest was entirely lawful." Defendant alleged further that the information known to the police officers prior to his arrest was insufficient to justify their actions. Before denying defendant's application, the hearing court reviewed the moving papers at defendant's request. We agree with the People that defendant failed to set forth sufficient factual allegations in his papers to warrant such a hearing. A defendant is entitled to a suppression hearing on the issue of probable cause only after he first meets his statutory burden of alleging facts showing that the property sought to be suppressed was obtained by the prosecution under circumstances precluding its admission in a criminal prosecution. *(People v Taylor,* 97 AD2d 381; CPL 710.20 [1]; 710.60 [1], [3] [b].) Here, defendant completely failed to set forth factual allegations with respect to his or the police officers' conduct. His allegations are totally conclusory and insufficient, and do not conform to the CPL's requirements. *(See, People v Reynolds,* 71 NY2d 552, 558.)

We have examined defendant's other contentions and find them to be without merit, except that, as the People concede,

defendant was improperly sentenced as a second violent felony offender. The statute upon which his North Carolina conviction for assault with a deadly weapon was based (NC Gen Stat § 14-32 [b]) does not, on its face, require recklessness or intent to injure on the part of the actor. *(See, e.g., State v Currie,* 19 NC App 17, 198 SE2d 491; *State v Parker,* 7 NC App 191, 171 SE2d 665.)* Since the North Carolina statute does not contain this element, which is required for a conviction of felony assault in New York *(see,* Penal Law § 120.05 [2]), the crime for which defendant was convicted in North Carolina would not qualify as a felony in New York *(see, People v Jackson,* 118 AD2d 469, 471). Concur—Kupferman, J. P., Sullivan, Carro, Milonas and Smith, JJ.