■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN HOLDER, Appellant.—Judgment, Supreme Court, New

York County (Harold Rothwax, J., at suppression motion; Stanley Sklar, J., at trial and sentence), rendered on January 30, 1986, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fourth and seventh degrees, and sentencing him as a predicate felon to a term of 3 to 6 years' imprisonment, unanimously affirmed.

In this appeal, defendant assigns as error the refusal of the motion court to grant him a suppression hearing. By omnibus motion returnable on or about October 3, 1985, defendant sought a suppression hearing based entirely upon the following allegations contained in the moving affirmation of his counsel: "it is believed that *items* of physical evidence *may have been* seized from the *constructive possession* of the defendant. The seizure of the defendant was not legally justified. There was nothing unlawful or suspicious about the conduct of the defendant." (Emphasis added.)

We hold that allegations as equivocal, vague and conclusory as these, without even specification of what is sought to be suppressed, failed to meet defendant's statutory burden of alleging *facts* showing that the property sought to be suppressed was obtained by the prosecution under circumstances precluding its admission in a criminal prosecution (CPL 710.20 [1]; 710.60 [1], [3] [b]; *see, People v Covington*, 144 AD2d 238; *People v Reynolds*, 71 NY2d 552; *cf., People v Lee*, 130 AD2d 400). We further hold that the insufficiency of defendant's moving papers was not remedied in this case by the bill of particulars earlier furnished by the People. This bill makes reference to a "brief search" at the place of defendant's arrest, where marihuana was found in his possession; it is further asserted that during a later search at the police precinct defendant was also found to be in possession of in excess of one-quarter ounce of cocaine and an envelope of phencyclidine. These particulars do not, of themselves, frame any factual issues which would mandate a hearing in the absence of any denial or affirmative matter from defendant. To permit a defendant to obtain a hearing on the flimsy grounds alleged here would amount to providing discovery in the nature of a fishing expedition which the statute does not authorize. In *People v Lee* (130 AD2d, *supra,* at 402), cited by defendant, it was at least "clear that defendant's person had been subjected to a search and seizure". Even that minimal showing which would confer standing to seek relief *(People v Sutton,* 91 AD2d 522; *People v Taylor,* 97 AD2d 381) is not to be found in defendant's averments here.

We conclude with the observation that to obtain a suppres-

sion hearing a defendant's moving papers must present facts to show that there is an issue to be determined by a hearing. What appears here is no more than a naked demand for a hearing based upon a formulary which could be applied to any indictment of a possessory offense.

We note that defendant has also raised the contention that his trial counsel was ineffective. We find that the record herein is insufficient to present this claim *(see,* CPL 440.10), and it is not sufficiently developed for disposition on this appeal *(see, People v Ramos,* 63 NY2d 640, 643). Concur— Kupferman, J. P., Asch, Kassal, Wallach and Smith, JJ.