■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR ACOSTA, Appellant.—Appeal from the judgment of the Supreme Court, New York County (Clifford Scott, J.), rendered on February 4, 1987, which, following a jury trial, convicted defendant of burglary in the second degree and possession of burglar's tools and sentenced him to an indeterminate term of imprisonment of from 4 to 12 years concurrent to a determinate term of one year, is held in abeyance pending determination of his suppression motion and the matter remanded for a *Huntley* and *Mapp* hearing.

On appeal, defendant argues, in part, that the trial court

committed error in summarily denying his motion to suppress a statement involuntarily made to a law enforcement officer, as well as property seized from him in the course of an illegal search and seizure. The People concede that defendant's moving papers contain adequate factual allegations to require both a *Huntley* and *Mapp* hearing. In support of his request for a *Huntley* hearing, defendant asserts that he made a statement to the police after his arrest in the absence of any *Miranda* warnings. Such a claim is sufficient to necessitate a hearing pursuant to CPL 710.60 *(see, People v Weaver,* 49 NY2d 1012, 1013, wherein the Court of Appeals declared that "there *must* be a hearing whenever defendant claims his statement was involuntary no matter what facts he puts forth in support of that claim"). As for the *Mapp* hearing, defendant contends that he was "seated on a staircase inside the apartment building, [h]e had not entered any apartment and had not entered the building with the intention of doing so, but merely to rest" and that, consequently, the stop or arrest was unauthorized, and the "bag, knives, ammunition, screwdriver and the statements" must be suppressed as the product of an illegality. While the prosecution disputes defendant's account of the circumstances surrounding his arrest, the contradictory factual allegations clearly raise a question of fact mandating a hearing *(see, People v Banks,* 100 AD2d 780). Accordingly, the trial court in both instances improperly denied defendant's motion to suppress without conducting a hearing therefor. Concur—Kupferman, J. P., Milonas, Kassal, Ellerin and Wallach, JJ.