■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLORIA ZARATE, Appellant.—Appeal from judgment, Supreme Court, New York County (Allen G. Alpert, J.), rendered December 3, 1986, convicting defendant, upon her plea of guilty, of criminal sale of a controlled substance in the second degree and sentencing her to an indeterminate term of imprisonment of from six years to life, held in abeyance and the matter remanded for a *Mapp* hearing.

In support of defendant's motion to suppress physical evidence, counsel alleged that as defendant entered an automobile with a brown paper bag, she was seized at gunpoint by various police officers. Defendant claimed that the contents of the bag, which contained cocaine, could not be observed by anyone without opening the package and that the stop, search and seizure were not based on a reasonable suspicion or probable cause. She further alleged that the police thereafter entered her apartment without a warrant and without permission and searched it seizing various personal items of hers and certain items belonging to her brother. Defendant maintained that the property seized from her and her apartment were taken unlawfully.

The People, in opposition to defendant's motion, asserted that the police had probable cause to seize the property and that the property was not taken from defendant's person. They claimed that one package of cocaine was found on the seat in the back of the car and that the rest was seized from the trunk of the vehicle where it had been placed by defendant. The People further alleged that defendant consented to

the search of her apartment and that no property was seized from that location in any event.

In a decision dated September 24, 1986, the Supreme Court denied defendant's motion to suppress physical evidence without a hearing "in light of the People's representation that the contraband came into police possession during the course of the criminal transaction and that thereafter no evidence was seized from defendant or from defendant's apartment." Upon reconsideration, the court again summarily denied the motion, characterizing as "bare" defendant's allegations that she entered the vehicle with the bag in her possession and that she was seized at gunpoint by various officers. The court found that defendant's papers failed to allege to whom the car belonged or how she came to enter it such as to create a reasonable expectation of privacy in the vehicle. It found ambiguous her allegation that the bag "was seized from her" in that she did not specifically allege that the bag was seized "from her person". Therefore, the court held that defendant lacked standing to contest the seizure.

Defendant's version of the circumstances surrounding her arrest was disputed by the prosecution and clearly created a question of fact mandating a hearing pursuant to CPL 710.60 (*People v Otero*, 151 AD2d 236; *People v Acosta*, 150 AD2d 166). Contrary to the conclusion reached by the Supreme Court, defendant's moving papers were neither equivocal, vague nor conclusory and met her statutory burden of alleging facts demonstrating that the property sought to be suppressed was obtained by the prosecution under circumstances precluding its admission in a criminal prosecution (CPL 710.60 [1]; *People v Lee*, 130 AD2d 400; *cf., People v Holder*, 149 AD2d 325, *lv denied* 74 NY2d 794). Since defendant sufficiently alleged that the brown bag was unlawfully seized from her person, no proprietary interest in the automobile needed to be asserted in order to establish standing (*People v Soriano*, 134 AD2d 186; *People v Lee, supra; People v Taylor*, 97 AD2d 381; *People v Sutton*, 91 AD2d 522). Therefore, it was error to summarily deny defendant's motion. Concur—Kupferman, J. P., Ross, Rosenberger and Wallach, JJ.