■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP HUGGINS, Appellant.—Appeal from judgment, Supreme Court, New York County (George Roberts, J., on summary denial of suppression motion; Thomas Galligan, J., at trial and sentence), rendered June 20, 1986, convicting defendant, upon a jury verdict, of two counts of robbery in the second degree and sentencing him to concurrent, indeterminate terms of imprisonment of 7½ to 15 years, held in abeyance and the matter remitted for a *Mapp* hearing.

In support of defendant's motion to suppress physical evidence, counsel alleged that upon information and belief, the source of which was identified as being a conversation with defendant and the voluntary disclosure form prepared by the District Attorney's office, defendant was on East 95th Street between First and Second Avenues when he was arrested by the police. Defendant claimed that the police had no basis to stop, arrest or search him since he had committed no crime nor had he engaged in any suspicious or furtive behavior. He further claimed that the police did not have a search or arrest warrant and that he did not consent to a search of his person. Therefore, he maintained that the physical evidence seized by the police, namely a toy gun, a blue and green wool scarf, one $20 bill, five $1 bills, one plastic book, three keys and miscellaneous papers, must be suppressed.

The People, in response, contended that defendant's motion

to suppress should be denied because he failed to allege sufficient facts or grounds in support of the motion. The Supreme Court agreed and summarily denied defendant's motion to suppress without prejudice to renew "upon appropriate sworn allegations of fact."

While defense counsel's affirmation could have been more detailed, defendant's motion papers contained sufficient facts to warrant a hearing (CPL 710.60; *People v Acosta,* 150 AD2d 166; *People v Soriano,* 134 AD2d 186; *People v Lee,* 130 AD2d 400). Accordingly, it was error to summarily deny defendant's motion to suppress. Concur—Ross, Rosenberger, Kassal and Smith, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I dissent and would affirm. The Supreme Court simply required "appropriate sworn allegations of fact", a perfectly proper procedure. Moreover, it is clear that the motion was bottomed on a counsel's information and belief, insufficient upon which to base a suppression. Under the circumstances, ordering a *Mapp* hearing is again another unjustified burden on the criminal justice system.