■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS KITCHEN, Appellant.—Judgment, Supreme Court, New York County (Franklin R. Weissberg, J.), rendered on or about May 3, 1988, convicting defendant, after a nonjury trial, of criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the seventh degree and sentencing him, as a predicate felony offender, to an indeterminate term of imprisonment of from 3 to 6 years on the weapons possession count and a concurrent determinate term of six months on his conviction for possession of a controlled substance, unanimously affirmed.

Defendant's pretrial motion to suppress physical evidence was properly denied, without a hearing, since his motion papers failed to allege sufficient facts showing that the property sought to be suppressed had been obtained by the prosecution under circumstances precluding its admission at trial. *(People v Covington,* 144 AD2d 238.) His totally conclusory claims failed to set forth factual allegations with respect to his or the police officers' conduct and did not conform to the requirements of the Criminal Procedure Law. *(Supra,* at 238; CPL 710.20 [1]; 710.60 [1], [3] [b]; *see also, People v Reynolds,* 71 NY2d 552, 558.) Defendant claims that he was denied the effective assistance of counsel, but has failed to demonstrate that counsel failed to provide "meaningful representation". *(People v Baldi,* 54 NY2d 137, 147.) Similarly, defendant lodges only a conclusory argument, on appeal, in support of

the claim that the People introduced perjurious testimony at trial, because of an officer's inconsistent Grand Jury testimony. The fact of an inconsistency alone does not warrant such a conclusion, especially when the inconsistency is brought to the attention of the trier of the facts, in this case the court, and there is no evidence to suggest that the People otherwise suppressed *Rosario* material to which defendant was entitled. Defendant's remaining arguments have been considered and found to be without merit. Concur—Kupferman, J. P., Asch, Wallach, Smith and Rubin, JJ.