■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGAR RODRIGUEZ, Appellant.—Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J., on suppression motion; Antonio Brandveen, J., at jury trial and sentence), rendered July 28, 1988, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him as a predicate felon to an indeterminate prison term of from seven to fourteen years, unanimously affirmed.

Defendant sold a glassine envelope containing heroin to an undercover police officer in exchange for two prerecorded five-dollar bills. The undercover officer involved in the drug purchase radioed a description of the defendant to his backup team. Shortly thereafter, the same officer watched and confirmed defendant's arrest. A single prerecorded five-dollar bill was recovered from defendant upon his arrest.

Defendant challenges the summary denial of his pretrial omnibus motion which sought suppression of, *inter alia,* the prerecorded buy money or, alternatively, a *Dunaway/Mapp* hearing. The factual allegations in the moving papers claimed that at the time of defendant's arrest, and immediately *subsequent* thereto, he was not engaged in any illegal activity or in open possession of contraband. While this may have been the result of a typographical error, we cannot presume that it was. The issue to be presented to the motion court is what did or did not transpire at the time of arrest and immediately *prior* thereto. Thus, defendant failed to carry his burden of setting forth factual allegations sufficient, if proved, to warrant suppression. *(See,* CPL 710.60 [3] [b].) Moreover, as to the prospective identification testimony, confirmatory identifications by police officers are generally not subject to suggestiveness, and on this basis a *Wade* hearing was properly denied. *(People v Hendricks,* 159 AD2d 396, *lv denied* 76 NY2d 736). Concur—Kupferman, J. P., Milonas, Rosenberger, Asch and Kassal, JJ.