■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MURRAY, Appellant.—Judgment, Supreme Court, New York County (Clifford Scott, J.), rendered January 4, 1990, convicting defendant on his plea of guilty to attempted robbery in the first degree, and sentencing him to an indeterminate term of imprisonment of 1½ to 4½ years, unanimously affirmed.

Defendant was arrested on September 2, 1989, at Pennsylvania Station in Manhattan, at approximately 12:45 P.M., after the complainant advised an Amtrak Police Officer that defendant had attempted to rob him while displaying a knife. A search of defendant disclosed a knife. After defendant's motions to suppress were denied, he pleaded guilty as set forth above.

Defendant's motions to suppress physical evidence, identification testimony, and statements were little more than *pro forma* and as such properly denied without a hearing. That part of the motion seeking to suppress physical evidence was supported only by the conclusory claim that defendant was acting innocently when he was seized. The District Attorney answered that defendant was arrested by a police officer acting pursuant to the complaint of a civilian. In view of the People's response, which was not controverted by defendant, defendant failed to allege a legal ground for suppression (CPL 710.60 [3]). In other circumstances an accused's protest that he was acting innocently at the time of his seizure might raise viable issues about the predicate for the police action. In the present context, it is plain that this defendant's claim raised no viable *Aguilar-Spinelli* issues. Further, the reliability of the citizen informant, whose basis of knowledge was his personal involvement, may be presumed and acted upon by the arresting officer. *(People v Cruz,* 149 AD2d 151, 157.)

Summary denial of the *Wade* and *Huntley* branches of defendant's motion was also correct. No legal basis for suppression was set forth which would warrant a hearing on

these issues. "What appears here is no more than a naked demand for hearings based upon a [formula] which could be applied to any [prosecution in which the People give notice of their intent to introduce identification testimony or statements of the accused]." *(People v Holder,* 149 AD2d 325, 327.)

Since defendant's basis for relief was inadequate, the failure of the trial court to make findings of fact pursuant to CPL 710.60 (6) does not require remedial action. Concur—Murphy, P. J., Carro, Ellerin, Wallach and Asch, JJ.