■ In the Matter of JOSE M., a Person Alleged to be a Juvenile Delinquent, Appellant.—Appeal from order of disposition, Family Court, Bronx County (Elrich A. Eastman, F.C.J., at fact-finding and dispositional hearings), entered on or about December 19, 1990, which adjudicated appellant a juvenile delinquent, upon a finding that he committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the second, third, and fourth degrees (Penal Law §§ 265.03, 265.02 [4]; § 265.01 [2]), and placed him with the Division for Youth, Title III, for eighteen months, is held in abeyance, the order of September 24, 1990 denying appellant's motion to suppress physical evidence is reversed, on the law and on the facts, and the matter remanded for a *Mapp* hearing.

During the early morning hours of September 5, 1990, Mr. Jose M. (appellant), who was fifteen years old, was arrested by New York City Police Officer William Johnson (Officer Johnson) for criminal possession of a loaded .22 caliber revolver in Bronx County.

Thereafter, the Corporation Counsel of the City of New York, an authorized presentment agency (Family Ct Act §§ 254, 301.2 [12]), filed a juvenile delinquency petition, dated September 5, 1990, in the Family Court, Bronx County, alleging that appellant had committed acts which, if committed by

an adult, would constitute the crimes of criminal possession of a weapon in the second, third and fourth degrees (Penal Law §§ 265.03, 265.02 [4]; § 265.01 [2]).

The instant petition was supported by a deposition, dated September 5, 1990, of arresting Officer Johnson, in which he stated that on September 5, 1990, "at 01:40 hours at Webster and E. 167th Street Bronx NY [he] observed the [appellant] in possession of a loaded 22. *[sic]* caliber firearm located in his waistband".

When appellant was arraigned, his counsel accepted the petition on his behalf, and waived the reading of the charges.

Subsequently, a probable cause hearing was held on September 7, 1990, and the presentment agency's evidence consisted of testimony from Officer Johnson, and a ballistics report.

Officer Johnson testified, in substance, that, on September 5, 1990, at approximately 1:38 A.M., while he and Officer James Brenniesen (Officer Brenniesen) were on motor patrol, "[w]e were flagged down by two male blacks at East 167th, Webster Avenue [and as] a result of the conversation we headed north bound on Webster Avenue to McRodger's Fried Chicken Restaurant". Further, Officer Johnson stated "[a]s we pulled up to that location I observed that the place was closing. The front gates were down, and [appellant] was standing in the front of the door with his back towards us holding the door. As we exited the [police car] * * * [and as] we approached [appellant] turned quickly and looked at me * * * I grabbed the handle of a gun which I pulled out of his waistband". Finally, Officer Johnson testified that the gun he recovered from appellant was a .22 caliber revolver containing six rounds of ammunition.

After Officer Johnson's testimony, the presentment agency offered a ballistics report, indicating that the firearm was operable, and same was admitted into evidence.

Appellant called no witnesses at the probable cause hearing.

Following the receipt of all of the evidence, the Hearing Court found that probable cause had been shown, indicating that appellant had committed the crimes charged.

On September 18, 1990, appellant, by counsel, moved for suppression of the weapon or, in the alternative, for a pre-trial hearing on the admissibility of the weapon, and, by order, entered September 24, 1990, that motion was denied.

At the fact-finding hearing the witnesses for the presentment agency against appellant were Officer Johnson, who testified, in substance, as he did at the probable cause hearing,

discussed *supra,* Officer Brenniesen, whose testimony, in substance, corroborated Officer Johnson's, as to the circumstances, resulting in appellant's arrest, and Detective John Solowsky, a firearms technician with the New York City Police Department's Ballistics Squad, who testified as an expert, and stated that, after he tested the subject .22 caliber gun and ammunition, he found both operable.

After the presentment agency and appellant rested their cases, the Trial Court found that the presentment agency had sustained its burden of proof. Further, appellant's counsel now moved to dismiss the petition on the jurisdictional ground of insufficiency, in that it did not contain non-hearsay allegations, establishing that the weapon was both operable and loaded with live ammunition. Since the Court found the petition sufficient, by order, entered October 25, 1990, it denied that motion.

Subsequently, on December 19, 1990, the Court issued its order of disposition, adjudging appellant a juvenile delinquent, who had committed acts, which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the second, third and fourth degrees, and placing him with the Division for Youth, Title III, for eighteen months.

Appellant renews his argument before us that the petition is jurisdictionally defective.

It is well settled law that "[a] juvenile delinquency petition must contain 'non-hearsay allegations * * * establish[ing] * * * every element of each crime charged and the [accused's] commission thereof' (Family Ct Act § 311.2 [3]). Any petition that does not contain such factual allegations is both legally insufficient and jurisdictionally defective *(see,* Family Ct Act § 311.2; *Matter of David T.,* 75 NY2d 927)" *(Matter of Detrece H.,* 78 NY2d 107, 109 [1991]; *Matter of Rodney J.,* 108 AD2d 307, 310 [1st Dept 1985]).

This three count petition charges appellant in the language of the Penal Law with committing the crimes of criminal possession of a weapon in the second, third and fourth degrees, in that appellant, in Bronx County, on September 5, 1990: (1) "possessed a loaded firearm, a .22 caliber with intent to use the same unlawfully against another" (Penal Law § 265.03, a class C felony), (2) "possessed a loaded firearm, to wit, .22 caliber said possession not being in the [appellant's] home or place of business" (Penal Law § 265.02 [4], a class D felony), and (3) "possessed a .22 caliber with the intent to use

the same unlawfully against another" (Penal Law § 265.01 [2], a class A misdemeanor). Further, included in the deposition of Officer Johnson, which supports that petition, are factual non-hearsay allegations of the statutory elements of the crime of criminal possession of a weapon, in that the Officer states that he "observed the [appellant] in possession of a loaded 22. *[sic]* caliber firearm located in his waistband".

Applying the legal authority *supra* to our analysis of the non-hearsay allegations of the petition, we find that the petition, "asserts facts supporting every element of the crime charged and the [appellant's] commission thereof with sufficient precision to clearly apprise the [appellant] of the conduct which is the subject of the accusation" (Family Ct Act § 311.1 [3] [h]). Accordingly, we find no infirmity in the facial sufficiency of the petition.

Our examination of the Penal Law sections, cited *supra* in the petition, indicates that, although the words loaded firearm and weapon appear there, the words "operability" and "live ammunition" do not. Nevertheless, it has repeatedly been held "that a pistol or revolver must be operable before there can be a conviction for possession of a firearm as a weapon *(People v Grillo,* 15 AD2d 502, affd 11 NY2d 841; *People v Donaldson,* 49 AD2d 1004)" *(People v Ansare,* 96 AD2d 96, 97 [1983]; *People v Lugo,* 161 AD2d 122, 123 [1st Dept 1990], *lv denied* 76 NY2d 860 [1990]).

Since the questions of whether the loaded firearm was operable and contained live ammunition are essential elements of proof to convict for criminal possession of a loaded firearm, we find them to be matters of an evidentiary nature *(People v Cavines,* 70 NY2d 882, 883 [1987]; *People v Lugo, supra),* and "allegations of an evidentiary nature" are not to be set forth in the petition (Family Ct Act § 311.1 [3] [h]).

Further, appellant contends that the counts in the petition charging him with acts, which if committed by an adult, would constitute the crimes of criminal possession of a weapon in the second and fourth degrees "must be dismissed for the * * * reason that the petition lacked any nonhearsay *[sic]* factual allegations establishing the element of intent to use the weapon unlawfully against another". We reject that contention as meritless, since, as discussed *supra,* counts one and three in the petition charge appellant in the exact language of the Penal Law with committing the crimes of criminal possession of a weapon in the second and fourth degrees (Penal Law §§ 265.03, 265.01 [2]). Specifically, count one alleges, in perti-

nent part, that appellant "possessed a loaded firearm, a .22 caliber with intent to use same unlawfully against another", and count three alleges, in pertinent part, that appellant "possessed a .22 caliber with the intent to use the same unlawfully against another". Recently, we stated, in *Matter of Dirhim A.* (178 AD2d 339, 340-341) "[t]he purpose of a petition is not to prove a case against the accused but simply to advise him [or her] of the crime with which he [or she] is charged".

Accordingly, in view of the fact that counts one and three of the petition specifically charge intent, we find that the petition properly charged violations of Penal Law §§ 265.03 and 265.01 (2).

Upon the basis of our analysis *infra,* we find merit to appellant's contention that the Family Court erred, when it denied, without a hearing, his motion to suppress.

In an affirmation, submitted in support of the motion to suppress, counsel alleges, in pertinent part, that, based upon, *inter alia,* his conversations with appellant, the appellant "was standing on the corner of 167th Street and Webster Avenue on September 5, 1990, doing nothing indicative of criminality [when he] was approached without justifiable cause by the arresting officer [who] without proper predicate recovered an alleged weapon from on or near the [appellant's] person". After our review, we find that "[w]hile defense counsel's affirmation could have been more detailed, defendant's motion papers contained sufficient facts to warrant a hearing (CPL 710.60; *People v Acosta,* 150 AD2d 166; *People v Soriano,* 134 AD2d 186; *People v Lee,* 130 AD2d 400)" *(People v Huggins,* 162 AD2d 129, 130 [1st Dept 1990]).

Accordingly, we hold this appeal in abeyance, and remand for the sole purpose of having the Family Court conduct a *Mapp* hearing. Concur—Ellerin, J. P., Wallach, Ross, Asch and Smith, JJ.