■ The People of the State of New York, Respondent, v Ramon Martinez, Appellant.—Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered August 20, 1991, convicting defendant, upon his guilty plea, of criminal sale of a controlled substance in the third degree and endangering the welfare of a child and sentencing him, as a second felony offender, to a term of five to ten years and a concurrent determinate term of one year, respectively, affirmed.

Summary denial of defendant's pretrial motion to suppress physical evidence was proper. Defendant's motion papers consisted solely of legal conclusions and conclusory allegations,

which cannot provide the requisite basis for a *Mapp* hearing *(People v Kitchen,* 162 AD2d 178, *lv denied* 76 NY2d 941). In contrast, the People's answer to defendant's motion set forth a factual basis for the police search of defendant, and which states in part "the defendant was arrested approximately two minutes after he sold a quantity of cocaine to an undercover police officer," which was not then controverted by appellant *(People v Murray,* 172 AD2d 437, *lv granted* 78 NY2d 971, *appeal withdrawn* 79 NY2d 942). Concur—Sullivan, J. P., Milonas, Ross and Asch, JJ.

Rosenberger, J., dissents in a memorandum as follows: In accordance with established precedent in this department, I would hold the appeal in abeyance and remit the matter to the Supreme Court for a *Mapp (Mapp v Ohio,* 367 US 643) hearing since it was error to summarily deny the defendant's motion to suppress physical evidence.

In an omnibus motion, defendant moved, *inter alia,* to suppress certain evidence alleging that:

"The accused was in a public place acting in a lawful manner. When he was stopped and searched, the police officers removed pre-recorded buy money and other currency from his person.

"There was no reasonable suspicion, at the time of the stop, that the accused had committed, was committing, or was about to commit a crime.

"The police officers had no reason to believe that they were legally entitled to stop the accused. The stop was therefore in violation of the accused's Federal and State Constitutional rights (Criminal Procedure Law Section 140.50)."

Counsel affirmed that his allegations were based on conversations he had with members of the District Attorney's Office and the defendant, and on a perusal of court papers. In papers submitted in opposition to the motion, the Assistant District Attorney maintained that a hearing was not required because the defendant was arrested approximately five minutes after he sold a quantity of cocaine to an undercover police officer. He added that "[t]he arresting officer was acting upon a radio transmission from the undercover officer informing him that a criminal transaction had just occurred and giving a detailed description of the suspect. When the arresting officer found the defendant at the same general location and matching the description given to him by the undercover officer just minutes before, probable cause existed to arrest the defendant. The subsequent seizure of currency from the defendant's

person was the product of a search incident to a lawful arrest and is suppressible."

The Assistant further alleged that the defendant was not entitled to a hearing because he failed to set forth sufficient factual allegations as required by CPL 710.60. The prosecutor maintained that "[t]he issue is not whether defendant was engaged in criminal activity at the very moment of arrest but rather whether probable cause arose because of defendant's activities approximately five minutes earlier when he allegedly sold cocaine to an undercover officer. Defendant's papers are silent as to his activities [at] that particular time."

The defendant's moving papers stated that "[t]here was no reasonable suspicion, at the time of the stop, that the accused *had committed* * * * a crime" (emphasis added). Thus his papers clearly alleged not only that he was not committing a crime at the moment of arrest, but that there was no reasonable suspicion that he had done so. The answering papers did no more than raise an issue of fact.

As we stated in *People v Harris* (160 AD2d 515, 515-516, *lv denied* 76 NY2d 789), "[w]e have frequently criticized the practice of summarily denying suppression motions without a hearing where defendant sets forth a minimally sufficient showing to warrant a hearing on the suppression issue. *(See, e.g., People v Marte,* 149 AD2d 335; *People v Estrada,* 147 AD2d 407; *People v Lee,* 130 AD2d 400.)*" This criticism has not abated since we decided *Harris (see, e.g. People v Sierra,* 179 AD2d 601, *lv dismissed* 79 NY2d 1054; *People v Miller,* 162 AD2d 248, *lv dismissed* 76 NY2d 895; *People v Huggins,* 162 AD2d 129).

In the instant case, the moving papers alleged sufficient facts to place in issue the lawfulness of the defendant's arrest *(People v Sierra, supra; People v Miller, supra; People v Harris, supra; cf., People v Rodriguez,* 172 AD2d 191, *lv denied* 78 NY2d 926). While the prosecution disputes the defendant's account of the circumstances surrounding his arrest, these contradictory allegations raise questions of fact mandating a hearing (CPL 710.60 [4]; *People v Zarate,* 160 AD2d 466, *lv dismissed* 76 NY2d 799; *People v Acosta,* 150 AD2d 166).