■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIUS COLEMAN, Appellant. [595 NYS2d 431] —Judgment, Supreme Court, New York County (Howard E. Bell, J., at suppression application, plea and sentence), rendered January 29, 1991, convicting defendant, on his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of from 2½ to 5 years, affirmed.

The question presented on this appeal is whether the Supreme Court erred in summarily denying defendant's pretrial motion to suppress a loaded pistol which, the People and defendant agree, the police claimed was discarded upon their approach. In support of the motion, defendant's counsel alleged the following in an affirmation: "Upon information and

belief, based upon conversations with Mr. Coleman, the defendant was not engaged in any criminal activity on August 21, 1990. Nor had he given the police any probable cause to believe that he might be engaged in unlawful behavior. Nevertheless, at about 12:15 a.m., police arrived, threw him against a car, and began to search him. The police contend, and in conversations with affirmant, Mr. Coleman concedes, a quantity of over $300 in cash was seized from his person. The police additionally contend that Mr. Coleman was observed by them to throw down a loaded .22 caliber pistol upon their approach. Although Mr. Coleman denies this allegation, the allegation by the prosecution's witnesses that the defendant was seen in actual possession of the item is sufficient to confer standing on the defense to challenge the alleged seizure *(People v Sutton,* 91 AD2d 522 [1st Dept. 198(2)]). Affirmant alleges that if the weapon was discarded by the defendant, this action only occurred as a result of illegal police conduct— that is, the detention and arrest of Mr. Coleman on less than reasonable suspicion that he had committed a crime (See *People v Howard,* 50 NY2d 583). The defense moves to suppress the pistol, as well as the currency found on the defendant's person, as fruits of the illegal police conduct."

The People responded that they did not intend to introduce on their direct case the money seized from the defendant, and as to the pistol the People opposed a hearing on the ground that defense counsel's affirmation did not contain the "sworn allegations of fact" necessary to warrant a suppression hearing (citing CPL 710.60 [1]; *People v Reynolds,* 71 NY2d 552; *People v Covington,* 144 AD2d 238, *lv denied* 73 NY2d 890; *People v Roberto H.,* 67 AD2d 549). The Supreme Court denied defendant's request for a hearing, defendant pleaded guilty to one count of criminal possession of a weapon in the third degree, and he was sentenced to 2½ to 5 years incarceration. We now affirm.

The facts in this case, with respect to the requirement of factual allegations necessary to warrant a hearing to suppress physical evidence, are essentially indistinguishable from those presented in *People v Martinez* (187 AD2d 310) wherein defense counsel affirmed, based on conversations with the defendant and members of the District Attorney's office, that:

" 'The accused was in a public place acting in a lawful manner. When he was stopped and searched, the police officers removed pre-recorded buy money and other currency from his person.

" 'There was no reasonable suspicion, at the time of the

stop, that the accused had committed, was committing, or was about to commit a crime.

" 'The police officers had no reason to believe that they were legally entitled to stop the accused. The stop was therefore in violation of the accused's Federal and State Constitutional rights (Criminal Procedure Law Section 140.50).' " *(Supra,* at 311 [Rosenberger, J., dissenting].)

We held in *Martinez (supra,* at 310-311) that "[s]ummary denial of defendant's pretrial motion to suppress physical evidence was proper. Defendant's motion papers consisted solely of legal conclusions and conclusory allegations, which cannot provide the requisite basis for a *Mapp* hearing *(People v Kitchen,* 162 AD2d 178, *lv denied* 76 NY2d 941)."

As in *People v Martinez (supra),* the affirmation in support of the motion to suppress consists entirely of legal conclusions regarding what he was doing *before* he was allegedly thrown against a car and searched. Moreover, in the instant case, while the affirmation is forthcoming as to the fact that money was seized from his person, it is deliberately and artfully vague as to whether the pistol was seized from his person or whether he had discarded it, surely a matter as to which the defendant had intimate knowledge.

We have repeatedly held that an affirmation containing only legal conclusions instead of the "sworn allegations of fact" required by CPL 710.60 (1) and (3) (b) is insufficient to warrant a suppression hearing *(People v Martinez, supra; People v Murray,* 172 AD2d 437, *appeal withdrawn* 79 NY2d 942; *People v Kitchen,* 162 AD2d 178, *lv denied* 76 NY2d 941, *supra; People v Holder,* 149 AD2d 325, *lv denied* 74 NY2d 794; *People v Covington,* 144 AD2d 238, *lv denied* 73 NY2d 890, *supra; People v Ricks,* 96 AD2d 788; *see also, People v Washington,* 106 AD2d 593 [2d Dept]; *People v Roberto H.,* 67 AD2d 549 [2d Dept], *supra).* Application of this principle is particularly warranted where the affirmation deliberately avoids an assertion that the defendant was even searched *(cf., People v Lee,* 130 AD2d 400, 402 ["since it was clear that defendant's person had been subjected to a search and seizure, no propriety interest need be asserted"]). *People v Sierra* (179 AD2d 601, *lv dismissed* 79 NY2d 1054) and *People v Sutton* (91 AD2d 522), which defendant alleges require a contrary result, involved affirmations which contained at least brief factual descriptions of what those defendants were doing when they were arrested and searched.

Affirmance is alternatively required here because at his plea

allocution the defendant stated unequivocally that he had thrown the pistol away prior to his having been stopped by the police, contrary to what he supposedly told his attorney as related in the affirmation. It is thus clear that the defendant was not searched, and that he accordingly had no factual basis for suppression of the pistol. Concur—Carro, J. P., Ross and Rubin, JJ.

Milonas and Rosenberger, JJ., dissent in a memorandum by Rosenberger, J., as follows: In affirming the summary denial of the defendant's motion to suppress physical evidence, the majority, as did the majority which decided *People v Martinez* (187 AD2d 310, *lv granted* 81 NY2d 796), departs from established precedent in order to deny the defendant a hearing to which he is clearly entitled.

The detailed affirmation submitted by defense counsel in support of the defendant's motion to suppress stated the grounds of the motion, and contained allegations of fact supporting such grounds in accordance with CPL 710.60 (1). It is well established that even a minimal factual showing is sufficient to warrant a hearing *(see, e.g., People v Sierra,* 179 AD2d 601, *lv dismissed* 79 NY2d 1054; *People v Miller,* 162 AD2d 248, *lv dismissed* 76 NY2d 895; *People v Huggins,* 162 AD2d 129; *People v Harris,* 160 AD2d 515, *lv denied* 76 NY2d 789; *People v Acosta,* 150 AD2d 166; *People v Marte,* 149 AD2d 335; *People v Estrada,* 147 AD2d 407; *People v Jones,* 136 AD2d 510; *People v Martin,* 135 AD2d 355; *People v Fore,* 131 AD2d 329; *People v Lee,* 130 AD2d 400; *People v Patterson,* 129 AD2d 527; *People v Sutton,* 91 AD2d 522).

The appeals in the cases cited above were all held in abeyance, and the matters remitted for hearings, based on affidavits or affirmations no more detailed than the affirmation submitted in the instant case. The People's denial of the defendant's allegations created questions of fact which could only be resolved at a hearing (CPL 710.60 [4]; *People v Zarate,* 160 AD2d 466, *lv dismissed* 76 NY2d 799; *People v Acosta, supra).*

The majority concludes that the summary denial of the motion to suppress was proper, maintaining that defense counsel's affirmation "consist[ed] entirely of legal conclusions regarding what [the defendant] was doing *before* he was allegedly thrown against a car and searched" (emphasis supplied by majority). However, a reading of the portion of the affirmation quoted by the majority reveals that it contains substantial factual allegations. The majority finds further fault with defense counsel's failure to allege whether the police seized

the pistol from the defendant's person or whether the defendant discarded it. The CPL does not require a defendant to make a full confession in order to be granted a hearing on his motion to suppress.

Defense counsel's affirmation contained the allegation, made by the police, that they saw the defendant throw down the gun as they approached. The defendant denied the allegation but alleged, in the alternative, that if the gun was discarded, it was discarded as a result of illegal police conduct. Again, by controverting the police allegations, the defendant raised an issue of fact warranting a hearing (CPL 710.60 [4]; *People v Zarate, supra; People v Acosta, supra).*

The majority affirms, in the alternative, based on statements made by the defendant during his plea allocution, at which he admitted throwing the pistol away. Based on this statement, the majority concludes that there was no basis for suppressing the pistol.

The statement made by the defendant, upon which the majority relies, was made in conjunction with his plea of guilty, after the summary denial of his motion to suppress. The propriety of the denial of a motion to suppress "must be judged solely on the evidence before the suppression court. *(People v Gonzalez,* 55 NY2d 720, 722 [1981].)" *(People v Soriano,* 134 AD2d 186, 187; *see also, People v Pavesi,* 144 AD2d 392, *lv denied* 73 NY2d 981; *People v Werner,* 55 AD2d 317.) Evidence elicited at a trial may not be considered by an appellate court in evaluating the propriety of the motion court's determination *(supra).* It follows that evidence elicited on a plea allocution may not be considered for this purpose. CPL 710.70 (2) specifically authorizes an appeal of the denial of a motion to suppress evidence although the defendant has pleaded guilty. The majority memorandum substantially eviscerates that statutory provision.

Accordingly, since the defendant's motion papers sufficiently alleged facts challenging the constitutionality of his arrest and seizure of the evidence sought to be suppressed, I would, in conformity with prior determinations of this Court, hold this appeal in abeyance and remit the matter to the Supreme Court for a hearing.