■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE MIDDLETON, Appellant. [596 NYS2d 680] —Judgment, Supreme Court, New York County (Bernard J. Fried, J., on pretrial *Dunaway/Mapp* motion; Thomas Galligan, J., at *Huntley* hearing, trial and sentence), rendered April 23, 1991, convicting the defendant, upon a jury verdict, of grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree, and sentencing him to an indeterminate term of imprisonment of from two to four years on the grand larceny count to be served concurrently with a one year term of imprisonment on the possession of stolen property count, unanimously affirmed.

The Supreme Court's summary denial of the defendant's motion for a *Dunaway* hearing to determine whether his post-custodial statements were the product of his unlawful arrest was proper. The court did, however, conduct a *Huntley* hearing. A review of the defendant's motion papers supports the conclusion that they failed to set forth sufficient factual allegations concerning the police officer's alleged unlawful conduct which led to his arrest and statements (CPL 710.60 [1], [3] [b]; *People v Covington,* 144 AD2d 238, *lv denied* 73 NY2d 890). Since the allegations were conclusory and without factual support, the motion was properly denied *(see, People v Reynolds,* 71 NY2d 552; *People v Covington, supra).*

The defendant's further contention that the trial court's instructions to the jury diluted the People's burden of proof has not been preserved for our review. In any event, we find the contention to be without merit *(see, People v Lewis,* 161 AD2d 117, *lv denied* 76 NY2d 791). Concur—Sullivan, J. P., Carro, Rosenberger and Rubin, JJ.