■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SEDA, Appellant. [603 NYS2d 471] —Judgment, Supreme Court, New York County (Frederic Berman, J.), rendered November 14, 1991, convicting defendant, upon his plea of guilty, of attempted robbery in the first degree, and sentencing him to a term of 5 to 15 years, is affirmed.

Defendant's motion to suppress was properly denied without a hearing since his motion papers contained no more than conclusory and *pro forma* assertions that he was not engaging in any illegal activity or suspicious behavior at the time and place of his arrest. We have repeatedly held that a hearing is not required where, as here, defendant's motion papers consist entirely of legal conclusions and are devoid of any factual content. Defendant had the burden of describing the circumstances surrounding his arrest and the details of the supposedly improper police conduct. He failed to meet that burden *(see, People v Coleman,* 191 AD2d 390, 391 [citing, *inter alia, People v Martinez,* 187 AD2d 310, *lv granted* 81 NY2d 796], *lv granted* 81 NY2d 1022).

Further, we note that although the court's denial was with leave to renew upon sufficient facts, no further attempt was made by defendant to elaborate his allegations before his plea

of guilty was entered. This is not surprising in view of the circumstances surrounding defendant's arrest. Defendant and another gained access to the apartment of a man, his wife and children and, armed with a loaded and operable pistol, bound and gagged the family and stole money and jewelry from them. The police, who had been notified, arrested defendant inside the premises.

The dissent notes that "[w]hen one is simply standing lawfully in a place, engaging in no overt illegal activity it is difficult, and frequently impossible, to set forth, in detail, facts establishing the negative". Defendant is not required to "establish" or prove any lack of illegal activity on his part. In the situation presented here, however, defendant was obligated to offer, with a modicum of specificity, some facts underlying his own actions and the circumstances of his arrest inside the very premises at 601 West 163rd Street, where the crimes took place, which would raise an issue as to the claimed police illegality. Concur—Sullivan, J. P., Ross and Asch, JJ.

Rosenberger, J., dissents in a memorandum as follows: I must once again voice my disagreement with the majority's view which denies the defendant a hearing to which he is clearly entitled.

After the defendant and a co-defendant were indicted, counsel for the defendant filed an omnibus motion seeking, *inter alia,* suppression of physical evidence. In his affirmation submitted in support of said motion, counsel alleged, on the basis of information and belief, "the sources thereof being conversations with the defendant, representatives of the District Attorney's Office and others, as well as reviews of official documents in this matter", that the defendant was lawfully present at 601 West 163rd Street on July 11, 1991, in the afternoon, and that he was engaged in neither illegal activity nor suspicious behavior, nor was he acting together with others. However, the police on that date subjected the defendant and another person to a warrantless arrest for various crimes. Counsel maintained that the arrest was unlawful since there was no probable cause to stop, search or arrest the defendant.

In response to the defendant's motion to suppress, the People alleged that they intended to offer at trial physical evidence that was seized from the defendant and that "such evidence was lawfully obtained, and deny all allegations to the contrary."

The Supreme Court summarily denied the defendant's motion for a suppression hearing with leave to renew upon a

proper submission of factual allegations and the defendant thereafter pleaded guilty.

The affirmation submitted by defense counsel in support of the defendant's motion to suppress stated the grounds of the motion and contained sufficient allegations of fact supporting such grounds to warrant a hearing in accordance with CPL 710.60 (1) *(see, People v Coleman,* 191 AD2d 390, 393 [Rosenberger, J., dissenting] [and cases cited therein], *lv granted* 81 NY2d 1022). When one is simply standing lawfully in a place, engaging in no overt illegal activity it is difficult, and frequently impossible, to set forth, in detail, facts establishing the negative. The People's denial of the defendant's allegations created questions of fact which could only be resolved at a hearing (CPL 710.60 [4]; *People v Coleman, supra; People v Martinez,* 187 AD2d 310, 311 [Rosenberger, J., dissenting], *lv granted* 81 NY2d 796).

The "circumstances surrounding defendant's arrest", referred to by the majority, although set forth in the People's brief on appeal, were not before the court when the motion was decided by it.

Accordingly, I would hold the appeal in abeyance and remit the matter for a hearing on the defendant's motion to suppress physical evidence.