■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH HOPE, Appellant. [694 NYS2d 23] —Judgment, Supreme Court, New York County (Bernard Fried, J.), rendered May 20, 1997, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second felony offender, to a term of 4 years, unanimously affirmed.

Defendant's request for a circumstantial evidence charge was properly denied. Contrary to defendant's claim, the evidence was not wholly circumstantial. The testimony of the complainant and an eyewitness that defendant (who was the only individual in a position to stab the complainant) threatened to stab the complainant and was observed in possession of a knife immediately before and after the stabbing, constituted direct evidence (see, People v Daddona, 81 NY2d 990, 992). Moreover, Robert Kelly's testimony that defendant stated he stabbed complainant was also direct evidence of the assault.

The court properly sustained the prosecutor's objection at the *Wade* hearing to defense counsel's attempt to question a police witness regarding probable cause. Defendant did not request a *Dunaway* hearing and his motion papers failed to set forth any factual allegations that would entitle him to a hearing on the issue of probable cause (*People v Covington*, 144 AD2d 238, *lv denied* 73 NY2d 890).

Defendant's motion for a mistrial based upon various comments by the prosecutor during summation was properly denied. The record indicates that when valid objections were entered, the court sustained the objections and gave prompt and appropriate curative instructions where necessary, which instructions presumably were understood and followed by the jury. In all other respects, the prosecutor's summation arguments constituted fair comment on the evidence and appropriate response to the defense summation, and none of the comments deprived defendant of a fair trial (*see, People v D'Alessandro*, 184 AD2d 114, *lv denied* 81 NY2d 884).

The court's *Sandoval* ruling was appropriately balanced and constituted a proper exercise of discretion. Concur—Nardelli, J. P., Williams, Tom, Lerner and Friedman, JJ.