■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE ARROYA, Appellant. [700 NYS2d 708] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered March 5, 1997, convicting defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

The court's summary denial of defendant's request for a *Mapp / Dunaway* hearing was proper. Defendant's moving papers did not raise a factual dispute requiring a hearing. His conclusory assertions did not set forth a basis for suppression of the drugs in question (*see, People v Mendoza*, 82 NY2d 415; *People v Reynolds*, 71 NY2d 552, 558). "Since the People were obviously justifying the search on an abandonment theory, it was incumbent upon defendant to set forth a specific alternate scenario which, if credited, would have warranted suppression." (*People v Omaro*, 201 AD2d 324, 325.) Rather than advancing any such scenario under which his privacy interest was violated, defendant's papers were "deliberately and artfully vague" as to whether the drugs had, at any time, been in his possession (*People v Coleman*, 191 AD2d 390, 392, *affd* 82 NY2d 415). Concur—Sullivan, J. P., Williams, Rubin, Buckley and Friedman, JJ.