■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BORIS KOLON, Appellant. [830 NYS2d 539]—

Judgment, Supreme Court, New York County (Micki A. Scherer, J., at suppression motion and change-of-counsel proceedings; Roger S. Hayes, J., at further change-of-counsel

proceedings; Edward J. McLaughlin, J., at further change-of-counsel proceedings, nonjury trial and sentence), rendered January 7, 2005, convicting defendant of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

The court properly denied defendant's suppression motion without granting a hearing. The detailed information provided to defendant disclosed that the police saw him discarding a bag containing drugs. Defendant's deliberately vague initial and supplemental submissions failed to raise a factual dispute that would require a hearing (*see People v Vargas*, 287 AD2d 342 [2001]; *People v Coleman*, 191 AD2d 390, 392 [1993], *affd* 82 NY2d 415, 432-433 [1993]). Defendant did not deny abandoning the drugs, or claim that such abandonment was the product of unlawful police action, or advance any other basis for suppression. The deficiency in defendant's papers was not that he failed to assert standing, but that he failed to raise a suppression issue.

Defendant was not denied his right to counsel by the various courts' proper denials of retained defense counsel's applications to be relieved, and defendant's motion for assignment of new counsel. The courts repeatedly conducted sufficient inquiries into both counsel and defendant's concerns, and the record establishes that there was no good cause for a substitution of counsel (*see People v Linares*, 2 NY3d 507 [2004]). At various junctures, defendant received ample opportunity to be heard personally, but his only complaint was that he could not pay the balance of counsel's fee, and that matter was satisfactorily resolved when counsel agreed he could continue the representation without full payment. None of counsel's concerns was a valid basis for substitution. In particular, we note that the "ethical" problem raised by counsel, which was essentially that defendant's proposed testimony was contradicted by his affidavit in support of his suppression motion in which he admitted possessing a small portion of the drugs, was a problem that would have also confronted a substitute attorney, and thus was no basis for appointing new counsel.

On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Defendant argues that he was prejudiced when, in counsel's efforts to be relieved, counsel revealed to the ultimate factfinder that his client would commit perjury if he testified,

and that his client was eager to plead guilty to a lesser charge. Aside from the fact that counsel never expressly told the court his client would perjure himself (*compare People v Andrades*, 4 NY3d 355 [2005], *with People v Darrett*, 2 AD3d 16 [2003]), the fact that defendant did not testify, and the consideration that the judge, in this nonjury trial, is presumed to have disregarded prejudicial matter (*see People v Moreno*, 70 NY2d 403 [1987]), defendant's claims are entirely without merit when viewed in light of counsel's appropriate and successful strategy. It is abundantly clear from the entire record, with particular reference to colloquies between the court and counsel immediately before the waiver of jury trial, that counsel's strategy, in the face of overwhelming evidence that defendant was guilty of a class A-I drug felony coupled with the People's refusal to accept a plea below the A-II level, was to seek a lesser conviction as a matter of leniency or mercy. In that context, there was nothing remotely prejudicial about counsel's disclosures to the court, which granted defendant's wish for a conviction that would spare him a life sentence.

We perceive no basis for reducing the sentence. Concur—Andrias, J.P., Sullivan, Williams, Sweeny and Malone, JJ.